# In the United States Court of Federal Claims

No. 16-700C

(Filed:  February 2, 2017)

| | | |
|---|---|---|
| ********************************** | ) | |
| | ) | Suit for breach of contract by estate of |
| **THE ESTATE OF JASON ALLEN** | ) | military serviceman wounded on active |
| **SMALLWOOD,** | ) | duty who later died by his own hand; |
| | ) | motion to dismiss for lack of subject |
| **Plaintiff,** | ) | matter jurisdiction |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| ********************************** | | |

Jonathan B. Kelly, Jonathan Kelly & Associates, PLLC, New York, New York, for plaintiff.

Nathanael B. Yale, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel were Christopher J. Koschnitzky, Captain, United States Army, United States Army Legal Service Agency, and Bill Klotzbucher and Eric Raun, Department of Veterans Affairs, Office of General Counsel.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, the Estate of Jason Allen Smallwood ("the Estate"), brings this action on behalf of Mr. Smallwood, a former member of the United States Army, for alleged breaches of an express and implied-in-fact contract by the United States ("the government").  Mr. Smallwood served in Afghanistan from 2011 to 2012, was wounded while serving, and received a post-deployment healthcare assessment before his discharge in 2012.  Mr. Smallwood subsequently took his own life.  The Estate alleges that the Army breached an express service contract in making its healthcare assessment of Mr. Smallwood because it failed to ensure that Mr. Smallwood was referred for further healthcare.  Additionally, the Estate alleges that the United States Department of Veterans Affairs ("VA") breached an implied-in-fact contract by failing to provide Mr. Smallwood with healthcare for which he had allegedly applied.

Pending before the court is the government's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7. For the reasons stated, the government's motion is granted.

## BACKGROUND

While serving in the North Carolina National Guard, Mr. Smallwood was ordered to active duty in the Army on approximately September 2, 2011, and subsequently was deployed to Afghanistan. Compl. ¶¶ 5-7. In Afghanistan, Mr. Smallwood was exposed to three "improvised explosive device . . . blasts" on June 16 and 17, 2012. Compl. ¶¶ 8-11. Mr. Smallwood received a concussion evaluation on June 19, 2012 and then "returned to active duty the following day without limitations." Compl. ¶¶ 12, 15. In September 2012, Mr. Smallwood was ordered to return to the United States "for further medical care and discharge from service." Compl. ¶ 16.

On approximately September 8, 2012, prior to his discharge, Mr. Smallwood received a "Post-Deployment Health Assessment." Compl. ¶ 17, Ex. D. In that assessment, a healthcare provider determined that Mr. Smallwood did not need a referral for further medical care. Compl. Ex. D at 7. The Estate alleges that Mr. Smallwood completed an online application for healthcare through the VA on the same day. Compl. ¶ 17. On approximately September 12, 2012, Mr. Smallwood was released from active duty. Compl. ¶ 18. Less than two months later, on November 5, 2012, Mr. Smallwood fatally shot himself. Compl. ¶ 20.

The Estate of Jason Allen Smallwood brought this suit on June 16, 2016 for alleged breaches of contract. *See generally* Compl. In Count I, the Estate alleges that the "United States Army breached the active duty service contract with Mr. Smallwood by not ensuring that he was referred for healthcare." Compl. ¶ 22. Specifically, the Estate alleges that deficiencies in Mr. Smallwood's post-deployment healthcare assessment violated the Army's healthcare obligations under 10 U.S.C. § 1145, which allegedly provides the authority for an "active duty service contract" with Mr. Smallwood that "impose[s] a duty upon the Secretary of the Army." Compl. ¶¶ 22-24. In Count II, the Estate alleges that the VA "breached an implied-in-fact contract for healthcare with Mr. Smallwood." Compl. ¶ 28. Mr. Smallwood allegedly applied for, but never received, healthcare benefits from the VA. Compl. ¶¶ 33, 35. As a result, the Estate seeks "damages in an amount to be determined." Compl. at 7.

The government responded with a motion to dismiss due to lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. The motion has been fully briefed and a hearing was held on January 12, 2017.

## STANDARDS FOR DECISION

As plaintiff, the Estate has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Pursuant to the Tucker Act, this court has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and thus allows a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Nonetheless, it does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

## ANALYSIS

### A.  Count I: Express Contract with the Army

In Count I, the Estate alleges that the government breached its "active duty service contract" with Mr. Smallwood for healthcare. Compl. ¶ 22. As the source of that contract, the Estate relies on 10 U.S.C. § 1145, which entitles members of the armed forces who have been separated from active duty in specified circumstances to receive transitional health benefits. *See* Compl. ¶¶ 23-24 (referring to 10 U.S.C. § 1145(a)). Regarding transitional healthcare, Subsection 1145(a) provides in pertinent part that "a member of the armed forces scheduled to be separated from active duty" is required "to undergo a physical examination immediately before that separation." 10 U.S.C. § 1145(a)(5)(A). If a member of the armed forces "receives an indication for a referral for follow up treatment from the health care provider who performs the examination," the government must "ensure that appropriate actions are taken to assist" that individual. 10 U.S.C. § 1145(a)(6)(A). The Estate alleges that Mr. Smallwood failed to receive proper care during his post-deployment healthcare assessment because his healthcare provider relied on self-reporting and a computer error, and failed to evaluate a computerized tomography ("CT") scan. Compl. ¶¶ 24-27.

The salient question raised is whether Section 1145 engenders a contractual obligation. In a case heard by the Federal Circuit en banc, the court of appeals addressed whether an implied-in-fact contract arose when military recruiters promised free lifetime medical care to recruits who served on active duty for 20 years or more. *Schism v. United States*, 316 F.3d 1259, 1262 (Fed. Cir. 2002) (en banc). The Federal Circuit rejected plaintiffs' contract claim, stating:

> Congress' authority and the various courts' (*i.e.*, the Supreme Court, our court, and our predecessor court) consistent interpretation thereof demonstrate that military health care benefits as a form of compensation have long been exclusively a creature of statute, not contract. Consequently, the discussions with recruiters could not have formed binding contracts with the government at the time [plaintiffs] joined the Air Force. Their claim for breach of an implied-in-fact contract that would give them both an entitlement to lifetime free medical care at military facilities and an entitlement to civilian health insurance for any insufficiency in those military facilities must fail as a matter of law.

*Id.* at 1276. Here, similarly, Mr. Smallwood's post-deployment healthcare assessment is governed exclusively by Section 1145, not by contract.

The Estate supports its alleged contract claim by citing *DeCrane v. United States*, 231 Ct. Cl. 951 (1982). *See* Compl. ¶ 22.[1] In *DeCrane*, the Court of Claims ruled that it had jurisdiction over plaintiffs' breach of contract claim regarding reenlistment agreements that plaintiffs signed while serving in the Army, 231 Ct. Cl. at 952-53, but it also granted summary judgment in favor of the government on the ground that plaintiffs had not stated a valid claim for relief, *id*. at 953. Subsequently, in *Schism*, the Federal Circuit held en banc that Congress had not delegated to secretaries of military departments the authority to contract with recruits for health benefits. 316 F.3d at 1268-71. In doing so, the court of appeals explicitly distinguished the facts in *Schism* from those in *DeCrane*. *See id.* at 1275 (citing *DeCrane*, 231 Ct. Cl. 951; *Grulke v. United States*, 228 Ct. Cl. 720 (1981)). Unlike the benefits promised to plaintiffs in *DeCrane*, which originated from written reenlistment agreements, the healthcare benefits at issue in *Schism* were "exclusively a creature of statute." *Id.* at 1275-76. Accordingly, the Federal Circuit in *Schism* determined that *DeCrane* was "not in conflict with established Supreme Court case law that military pay and pay-related benefits cannot ever be a matter of contract, but must be governed exclusively by statutes and regulations." *Id.* at 1275. Here, unlike *DeCrane* and similar to *Schism*, the Estate does not point to any written agreement between Mr. Smallwood and the Army; it instead relies solely on 10 U.S.C. § 1145. The Estate's claim is based on statute, and its attempt to label such a claim as a "contract" is unavailing. *See Jackson v. United States*, __ Fed. Appx. __, __, No. 2016-2253, 2016 WL 6518563, at *3 (Fed. Cir. Nov. 3, 2016) (ruling that "military pay is governed by statute and not by common law rules concerning private contracts") (citing *Schism*, 316 F.3d at 1272); *Pines Residential Treatment Ctr.*, 444 F.3d at 1380 ("Regardless of a party's characterization of its claim, '[the court] look[s] to the true nature of the action in determining the existence or not of jurisdiction.'") (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). The court thus lacks jurisdiction over the Estate's contract claim in Count I.[2]

---

[1]The Estate also relies on *Bowen v. Massachusetts*, 487 U.S. 879 (1988) and *Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379 (Fed. Cir. 2006) as a basis for the court's jurisdiction over its contractual claim. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4-5, ECF No. 8. Neither decision supports the Estate's position. In *Bowen*, the Supreme Court addressed "whether a federal district court has jurisdiction to review a final order of the Secretary of Health and Human Services refusing to reimburse a State for a category of expenditures under its Medicaid program." 487 U.S. at 882. The jurisdictional dispute centered on "the meaning of the Administrative Procedure Act" and whether the Court of Federal Claims had exclusive jurisdiction over the claim, which it did not. *Id.* at 891, 904-08. Although the Court drew a distinction between monetary relief and money damages, *id.* at 893-94, the Court simply did not address alleged military contracts and healthcare. And in *Pines*, the Federal Circuit determined that this court did not have jurisdiction over petitioner's claim for Medicare reimbursement, rejecting petitioner's attempt to style the claim as a breach of contract. 444 F.3d at 1381. Here, similarly, the Estate is unsuccessful in denominating its claim of entitlement to military healthcare as a claim for breach of contract.

[2]As the government notes, even if the court construed the Estate's claim as a statutory claim, the court would still lack jurisdiction. Def.'s Mot. at 7-8. Section 1145 provides for certain healthcare benefits to members of the armed forces, such as the provision relied upon by the Estate that entitles members to physical examinations before separation from active duty and

*B. Count II: Implied Contract with the VA*

In Count II, the Estate alleges that the VA "breached an implied-in-fact contract for healthcare with Mr. Smallwood" because Mr. Smallwood applied for healthcare benefits from the VA but never received them. Compl. ¶¶ 28, 31-35. This court lacks jurisdiction over allegations regarding the wrongful denial of benefits by the VA. *See, e.g.*, *Prestidge v. United States*, 611 Fed. Appx. 979, 982-83 (Fed. Cir. 2015); *Lewis v. United States*, 124 Fed. Cl. 754, 756-57 (2016); *Kalick v. United States*, 109 Fed. Cl. 551, 556-57 (2013), *aff'd*, 541 Fed. Appx. 1000 (Fed. Cir. 2013). A provision of the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991) (codified at 38 U.S.C. § 511), provides that "[t]he Secretary [of the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). If an individual receives an adverse decision from the Secretary, the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (codified at 38 U.S.C. §§ 7251-99), provides the statutory route that the individual must follow in appealing the decision. This includes an appeal to the Board of Veterans Appeals, 38 U.S.C. § 7104, the Court of Appeals for Veterans Claims, 38 U.S.C. § 7252(a), and finally the Federal Circuit, 38 U.S.C. § 7292(c). The Court of Federal Claims is not part of this statutory regime. Therefore, because the Estate's claim is based upon the VA's alleged failure to provide Mr. Smallwood with healthcare benefits, the court does not have jurisdiction over Count II.

---

transitional assistance with health care. *See* 10 U.S.C. §§ 1145(a)(5)(A), (a)(6)(A). Nonetheless, it does not mandate compensation and does not specify any right to monetary payment. *See generally* 10 U.S.C. § 1145. Section 1145 thus arguably cannot "fairly be interpreted as mandating compensation" from the government. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citing *Mitchell*, 463 U.S. at 217). The Estate cannot circumvent the money-mandating jurisdictional requirement by characterizing the government's statutory obligations as contractual obligations. *See Boston v. United States*, 43 Fed. Cl. 220, 226-27 (1999) ("Where, as here, the underlying laws and regulations allegedly violated do not mandate the payment of money, this jurisdictional flaw cannot be sidestepped by transforming the complaint into one based on breach of an implied contract.") (citing *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 739 (1982)), *superseded by regulation as stated in Roberts v. United States*, 104 Fed. Cl. 598 (2012).

Additionally, to the extent that the Estate's claim is based on negligence or intentional wrongdoing due to the alleged deficiencies in Mr. Smallwood's healthcare assessment, the court does not have jurisdiction over such allegations because they would be based in tort. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). In that regard, the Estate has brought a wrongful death claim before the Army that remains pending. *See* Hr'g Tr. 12:21 to 13:12 (Jan. 12, 2017).

## CONCLUSION

The circumstances of Mr. Smallwood's Army service and wounding in Afghanistan and of his subsequent demise are tragic. Nonetheless, for the reasons stated, the government's motion to dismiss pursuant to RCFC 12(b)(1) is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Judge
